IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, ex rel. | ) | |
| FRANKLIN HARRIS, Relator, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14cv309-WHA |
| | ) | |
| COLEMAN AMERICAN MOVING SERVICES, | ) | (WO) |
| INC., d/b/a COVAN WORLDWIDE MOVING | ) | |
| SERVICES, INC., and COLEMAN WORLD | ) | |
| GROUP, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   Facts and Procedural History**

This cause is before the court on the United States' Motion to Transfer Venue, styled as an

Application to Transfer This Action to the District of South Carolina (Doc. #29), filed on May 14,

2015, which has been joined on the record in open court on September 16, 2015 by the Defendants

Coleman American Moving Services, Inc., d/b/a Covan Worldwide Moving Services, Inc., and

Coleman World Group, LLC.

This case is a civil *qui tam* action, brought pursuant to the False Claims Act ("FCA"), 31

U.S.C. §3729, *et seq*.   The Relator, Franklin Harris ("Harris"), has alleged that the Defendants,

Coleman World Group and Coleman American Moving Services, Inc. d/b/a Covan Worldwide

Moving Sevices, Inc., are actively engaged in a corporate scheme to defraud the United States by

manipulating and falsely inflating the weights of tractor-trailer trucks used to transport the

belongings of military personnel relocating within the continental United States.   Harris has been

a driver employed by Coleman Group based out its Fayetteville, North Carolina facility.

Defendant Coleman World Group, LLC is an Alabama LLC.   Defendant Coleman American Moving Services, Inc. d/b/a Covan Worldwide Moving Sevices, Inc. ("Covan") is a Missouri corporation with its principal place of business in Midland City, Alabama.   Covan has offices in 17 states, including Fayetteville, North Carolina.

The United States and the Defendants have pointed to another *qui tam* action, *United States ex rel. Figueroa v. Covan World-Wide Moving, Inc*., No. 3:12cv01144-JFA (D. S.C.), brought in the United States District Court for the District of South Carolina in which Covan Worldwide Moving, Inc. and Coleman American Moving Services, Inc. were Defendants.   In the South Carolina case the United States filed an intervenor complaint.   The allegations in that case also involved a corporate scheme to falsify weights.   The matter was set for trial in March of 2015, but settlement was reached.   Part of the discovery in the *Figueroa* case involved a deposition of Harris regarding his claims.

This case was originally filed under seal, but after the United States gave notice that it did not intend to intervene in this case at that time (Doc. #51), the Defendants were served, and various motions to unseal documents in this case were granted by the court.

With leave of court, attorneys representing the United States in both the District of South Carolina and the Middle District of Alabama filed briefs in support of the Motion to Transfer filed in this case and argued at a September 16, 2015 oral argument held on the motion.

Both the South Carolina and Middle District of Alabama United States Attorneys' offices, and the Defendants take the position that the case should be transferred to the District of South Carolina.   The United States has represented that it will seek dismissal of this case in either forum. The Defendants have similarly stated that they will seek dismissal of the case.

After reviewing the parties' submissions, and upon consideration of the oral arguments, the court concludes that the Motion for Transfer is due to be GRANTED.

## II. Standard for Motion Transfer Venue

The United States Code provides that "[f]or the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   The question of whether to transfer venue, therefore, is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff.   *Id.* The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian*, 830 F.Supp. 1460, 1465–66 (S.D.Fla.1993).   Courts rely on a number of factors including: (1) the plaintiffs choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system.   *Gould v. Nat'l Life Ins. Co*., 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998).   Generally, the Plaintiff's choice of forum is given deference unless it is clearly outweighed by other considerations.   *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).

## III.   Discussion

As noted, the United States and the Defendants seek transfer of this case to the District of South Carolina where another *qui tam* action, *United States ex rel. Figueroa v. Covan World-Wide Moving, Inc.*, No. 3:12cv1144 (D. S.C.), was brought and has been settled.

The Relator, Harris, opposes transfer, arguing first that the United States has no standing to

3

seek a transfer, but also contending that the factors of analysis, including his choice of forum, weigh against a transfer.

As to the standing argument, the United States points to cases for the proposition that it is the real party in interest in this case, *see Tinson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), and notes that it moved for transfer before it made the determination not to intervene in this case, and that it could seek intervention at a later date.   At oral argument, the Defendants joined in the United States' Motion to Transfer.   Therefore, even if there is a question as to the standing of the United States to seek transfer, there is no question as to the standing of the Defendants, and the court will consider the motion.   The court now turns to transfer of venue analysis.

The first prong of venue analysis pursuant to 28 U.S.C. §1404 is whether the action could have been brought in the proposed transferee venue.   The United States states that this case could have been filed in the District of South Carolina because Covan has facilities in South Carolina. *See* 31 U.S.C. § 3732(a) (stating "[a] plaintiff may bring a claim under the FCA "in any judicial district in which the defendant . . . can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.").    There does not appear to be any dispute that Covan has a facility in South Carolina and that this case could have been brought in the District of South Carolina.

The second prong of the inquiry requires the court to balance private and public factors to determine if transfer is justified. *See Mason v. Smithkline Beecham Clinical Lab*., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).   Generally, the factors to consider under the second prong include the plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant

documents, financial ability to bear the costs of change, and the public interest. *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008).

While in the usual case, the plaintiff's choice of forum generally is given deference, in a *qui tam* action, the United States is the real party in interest. *Tinson*, 518 F.3d at 874. District courts generally have concluded that it follows from the United States' status as the real party in interest that the deference traditionally given to a plaintiff's choice of forum is lessened in a *qui tam* action, even when the United States has not intervened. *See, e.g., United States v. Arkray USA, Inc.*, No. 1:04cv87-M-D, 2007 WL 844691, at *2 (N.D. Miss. March 19, 2007). In addition where, as here, the choice of forum is not the plaintiff's "home forum," the "presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citation omitted).

In light of the above authorities, the court is persuaded that the factor of Harris's choice of forum is not entitled to great weight in this case. While the court has considered all of the remaining factors in the second prong of analysis, it appears to the court that most of those factors, specifically, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant documents, and financial ability to bear the costs of change, are not significant in this case. For example, while this is the home forum for the Defendants, and therefore would be convenient for the Defendants, they seek transfer of the case. In addition, the nationwide power to subpoena witnesses in 31 U.S.C. §3731(a) means that compulsory process is not a significant factor in the analysis. There has not been a showing that ease of access to proof, location of documents, or financial ability weighs

strongly in favor, or against, transfer in this case.

The remaining public interest factor of judicial efficiency, *see Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1278 (S.D. Fla. 2011), however, weighs heavily in favor of transfer in this case.   The United States and the Defendants have represented to the court that they will seek dismissal of this action for reasons which relate to the *Figueroa* case.   The Defendants identify the following as issues which will be raised in the motion to dismiss which they intend to file:   the application of claim preclusion or res judicata principles based on the claims which were asserted in South Carolina, the doctrine of issue preclusion or collateral estoppel based on the District of South Carolina's grant of partial summary judgment in favor of the Defendants, and the application of the jurisdictional bar in 31 U.S.C. §3730(e)(4) based on the information publicly disclosed as a result of the government's investigation and litigation in South Carolina.   The Defendants argue that the South Carolina court is familiar with facts involved in this case from its oversight of a year of litigation of claims in *Figueroa* and its grant of partial summary judgment in favor of the Defendants in that case.

The United States also has taken the position that this case is due to be dismissed based on the facts involved in the *Figueroa* case, because the United States contends that Harris's claims do not comply with the original source or first-in-time filing requirements of 31 U.S.C. §3730.

Harris's position is that the type of fraud he has alleged in this case has not been investigated by the United States, that his case is separate from the claims in *Figueroa,* and his claims are not subject to a defense based on the *Figueroa* case having been filed first.   The merits of those arguments, however, are not before this court at this time.   Harris does not refute the argument that, in the face of motions to dismiss by the Defendants and the United States, his

6

claims will have to be analyzed in comparison to the litigation in the *Figueroa* case before his case can proceed in either forum.

It appears to this court that a transfer of this case to the District Court of South Carolina will best promote the public interest in judicial efficiency.   It will save judicial resources for that court to determine whether Harris's claims should be allowed to proceed in the face of the United States' and Defendants' defenses based on *Figueroa*.   For example, the District of South Carolina is already familiar with the facts and claims in *Figueroa* and is in a better position to evaluate the preclusive effect of its summary judgment order and the settlement agreement in that case. "The interests of justice 'strongly support a transfer' in cases, such as this one, where the transferee court 'reviewed and decided the prior litigation between the parties ..., especially [when the] case turns on the preclusive effect of that court's judgment.'" *Sapp v. FirstFitness Int'l, Inc.*, No. CIV. A. 509-CV-048, 2009 WL 2997624, at *3 (M.D. Ga. Sept. 16, 2009) (citation omitted).

Harris has also asserted in brief, and reiterated at oral argument, his belief that the *Figueroa* settlement was a result of an improper agreement and relationship between the United States Attorney in the District of South Carolina and counsel for the Relator in *Figueroa*.   The Defendants point out that the South Carolina court is familiar with the relationship and interaction between the South Carolina counsel and the United States' counsel and the circumstances of the settlement and will be able determine whether dismissal is somehow improper.   This court agrees that this issue raised by Harris is a determination best made by the court in the District of South Carolina in the interest of efficiency of the justice system.

This court concludes, therefore, that considering all of the relevant factors, no factor weighs strongly against transfer, and the public interest in judicial efficiency weighs strongly in

favor of transfer of this case.   Accordingly, the Motion to Transfer is due to be GRANTED.

## IV.   Conclusion

For the reasons discussed, it is hereby ORDERED as follows:

1.  The United States' Application to Transfer (Doc. #29) joined in by the Defendants is

    GRANTED.

2.  The Clerk is DIRECTED to take the necessary steps to transfer this case is the United

    States District Court for the District of South Carolina.

3.  The Relator's request for limited discovery (Doc. #42 at p.6-7) is left for disposition by

    the United States District Court for the District of South Carolina.


DONE this 17th day of September, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE